TZEDSO KARDOS, Appellant, *v.* GEORGE F. STEITZ, Respondent.

Supreme Court, Appellate Term, Second Department, June 26, 1925.

Contracts — action to recover rental of automobile battery — proof showed loan of battery to defendant and agreement to pay — defendant subsequently lost battery — contract was of hiring and not bailment — dismissal of complaint error — plaintiff entitled to recover rental up to time battery was lost.

A contract by which a battery was loaned, for the hire of which a certain sum was charged, is a contract of hiring and not a bailment.

Accordingly, a judgment dismissing plaintiff's action to recover the rental of an automobile battery loaned the defendant, for the hire of which defendant was to pay, on the ground that there was a bailment, should be reversed and a new trial ordered, since plaintiff sued for the use of said battery and not for the value thereof. The fact that the defendant lost said battery limits the plaintiff's recovery for the use thereof up to the time when said battery was lost.

APPEAL from a judgment of the Municipal Court, Borough of Brooklyn, Second District.

*Benjamin H. Cohn*, for the appellant.

*Benjamin Machinist*, for the respondent.

PER CURIAM:

Judgment unanimously modified on the law by reversing as to the first cause of action and a new trial ordered as to it and, as so modified, affirmed, without costs in this court.

The action was to recover for the rental of certain automobile batteries on two causes of action. The complaint as to the first cause of action was dismissed at the end of plaintiff's case. There was proof submitted by plaintiff that a battery had been loaned to defendant on June 2, 1924, for the hire of which defendant was to pay. It was not proper, therefore, for the court to dismiss the complaint upon the ground that there was a bailment and that there was no proof of negligence of defendant in connection with an alleged loss of the battery. Plaintiff sued for use and not the

value of the battery. If plaintiff proved a contract of hiring and the battery was lost he would be limited in his recovery for use by the time when the battery was lost without his fault. This is, of course, without consideration of the question of liability for the loss. There was sufficient proof to support the determination as to the second cause of action.

Present: CROPSEY, LAZANSKY and MACCRATE, JJ.